# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JON F. RAETHER,

    Petitioner,

  v.                                                                                         Case No. 13-CV-46

MICHAEL A. DITTMANN,

    Respondent.

## DECISION AND ORDER ON RESPONDENT'S MOTION TO STAY

On August 21, 2014, this Court entered a decision and order and judgment in this action granting Raether's petition for a writ of habeas corpus. (Docket # 21, Docket # 22.) Pursuant to that order, Raether was to "be released within 120 days of the date of this decision unless the State of Wisconsin decides to retry him." (Docket # 21 at 18.) On December 19, 2014, the State filed a motion to stay the execution of the judgment granting the writ of habeas corpus. (Docket # 27.) The State requests a stay "during the pendency of State's current appeal of the judgment to the United States Court of Appeals for the Seventh Circuit and, should that court affirm the judgment, for 90 days after the mandate from that court." (*Id.* at 1.) For the reasons stated below, the State's motion to stay will be granted.

## ANALYSIS

Rule 23 of the Federal Rules of Appellate Procedure governs the release of a prisoner in a habeas corpus proceeding. Rule 23(c) provides:

> Release Pending Review of Decision Ordering Release. While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or

justice of either court orders otherwise—be released on personal recognizance, with our without surety.

This rule "create[s] a presumption in favor of bail pending review." *Walberg v. Israel*, 776 F.2d 134, 135 (7th Cir. 1985). However, this presumption may be overcome. The United States Supreme Court has recognized that "a court has broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). In determining whether to stay an order granting habeas relief, a court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776 (citations omitted). The Court emphasized that this "formula cannot be reduced to a set of rigid rules." *Id.* at 777. Specific issues that a court should consider under these four factors include the possibility that a prisoner may flee while the appeal is pending, the risk that a prisoner may pose to the public, and the state's interest in continuing custody and rehabilitation, which will be stronger when the remaining portion of the sentence to be served is long. *See id.* In addition, despite the presumption in favor of release embodied in Rule 23(c), the Court noted that

> a successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee . . . to challenge his continued detention pending appeal. Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State.

*Id.* at 779.

In this case, Raether was convicted of second-degree sexual assault and bail-jumping for which he received concurrent sentences of eighteen and four years. I granted habeas relief based on ineffective assistance of trial counsel. The State submits that the possibility of its success on appeal

is not insubstantial and that there is a fair and good chance that it will prevail on appeal. Alternatively, the State submits that if it is not successful on appeal, it will retry Raether and that there is strong likelihood that a retrial without the attorney errors that led this Court to grant habeas relief would result in Raether's reconviction and reimprisonment. Finally, the State argues that the fact that a retrial could result in Raether's reconviction makes him a substantial flight risk.

Having considered the State's arguments and the relevant factors articulated by the Supreme Court in *Hilton*, I find that the State has made a showing that it is likely to succeed on the merits, either on appeal or when the matter is retried. In regards to whether the State would be irreparably injured absent a stay, I find that Raether poses a substantial flight risk because he faces the possibility of continued confinement if the State prevails on appeal or on retrial. If Raether were to flee upon release, the State would suffer an irreparable injury. As to whether the stay would injure the other party, Raether was sentenced to eighteen years of imprisonment and has more years to serve than it will take to resolve this matter on appeal. Accordingly, he will not be irreparably harmed by a stay. Finally, because Raether was convicted of a serious crime, public interest weighs in favor of imposition of a stay.

Thus, having considered all relevant factors, I will grant the State's motion for a stay of the execution of the judgment during the pendency of the State's current appeal of the judgment to the United States Court of Appeals for the Seventh Circuit and, should that court affirm the judgment, for 90 days after the mandate from that court.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the State's motion to stay the execution of the judgment granting the writ of habeas corpus (Docket # 27) be and hereby is **GRANTED**. This

Court's August 21, 2014 decision and order and judgment are hereby stayed pending the appeal of this matter to the court of appeals for this circuit, and if that court affirms the judgment, for 90 days after the mandate from that court.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge